MARTHA J. CULVERSON, Respondent, v. CITY OF MARYVILLE, Appellant.

Kansas City Court of Appeals, November 9, 1896.

1. **Municipal Corporations:** NEGLIGENCE: CONDITION OF STREETS: JURY QUESTION. A municipality must keep its streets in a reasonably safe condition for travel by night as well as by day, and whether they are in such condition is a jury question.

2. ———: CONTRIBUTORY NEGLIGENCE: JURY QUESTION. A traveler has the right to assume that he can use the street in safety while using such care as an ordinarily prudent person would exercise; and though he may know the condition of the walk, such knowledge alone will not constitute contributory negligence but goes to the jury for their consideration.

3. Instructions: SUBSTANCE IN OTHERS. If the substance of an instruction is fully covered in others given, it is not error to refuse it.

4. Negligence: DEMURRER TO EVIDENCE: JURY QUESTION. Where the evidence is of such a character that the issues might be determined for either the plaintiff or defendant, they should be submitted to the jury.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*S. R. Beech, Lafe Dawson,* and *E. A. Vinsonhaler* for appellant.

(1) The only duty the law imposes upon the defendant city is, to provide and keep, for the use of the traveling public, streets and sidewalks that are reasonably safe for persons to pass over, while using ordinary care, caution, and prudence, having regard to the amount of travel and attending circumstances. *Loewer v. Sedalia,* 77 Mo. 431; *Bassett v. St. Joseph,* 53 Mo. 290; *Sindlinger v. Kansas City,* 126 Mo. 315; *Salmon v. Trenton,* 21 Mo. App. 182, and instruction number 1, p. 183; *Smith v. Brunswick,* 61 Mo. App. *loc. cit.* pp. 580, 581. (2) The defendant city is not an insurer or warrantor of the safety of the persons passing over its walks, nor is every defect therein, though it may cause an injury, actionable. *Caton v. Sedalia,* 62 Mo. App. *loc. cit.* bot. p. 230 and p. 231; *Loewer v. Sedalia,* 77 Mo. *loc. cit.* p. 439, instruction number 1; *Taylor v. Springfield,* 61 Mo. App. *loc. cit.* p. 268; *Salmon v. Trenton,* 21 Mo. App. *loc. cit.* p. 183. We think

this proposition will not be disputed. *Craig v. Sedalia*, 63 Mo. 417, 420. Plaintiff can not recover if she was guilty of contributory negligence on her part. *Bassett v. St. Joseph*, 53 Mo. *loc. cit.* 303; *Loewer v. Sedalia*, 77 Mo. 440 (instructions numbered 7 and 11); *Oliver v. Kansas*, 69 Mo. 82 (instruction number 5); *Staples v. Canton*, 69 Mo. 593, 594; *Tritz v. Kansas City*, 84 Mo. *loc. cit.* pp.644, 645(instructions numbered 2, 4, and 5); *Boland v. Kansas City*, 32 Mo. App. 8, *loc. cit.* pp.11, 15, 16; *Schaefler v. Sandusky*, 31 Am. Rep. 533; *Boyd v. Springfield*, 62 Mo. App. *loc. cit.* p. 458; *Cohn v. Kansas City*, 108 Mo. *loc. cit.* pp. 392, 393, 394; *Craig v Sedalia*, 63 Mo. *loc. cit.* p. 420; *Taylor v. Springfield*, 61 Mo. App. *loc. cit.* p. 265, and last half of p. 268. (3) The court erred in refusing instruction number 3 asked by defendant, relative to the immediate cause of the injury. *Sindlinger v. Kansas City*, 126 Mo. *loc. cit.* pp. 326, 327.

*T. J. Johnston* for respondent.

(1) It was the duty of the city to keep its sidewalks in such a state of repair as to be reasonably safe for pedestrians to pass over, both day and night, while using due and ordinary care; and a neglect of this duty would render the city liable to respond in damages to anyone injured by reason of such neglect. *Russell v. Monroe*, 116 N.C. 720; s. c., 47 Am. St. Rep. 823; *Loewen v. Sedalia*, 77 Mo. 431; *Sindlinger v. Kansas City*, 126 Mo. 311, *loc. cit.* 324; *Brennen v. St. Louis*, 92 Mo. 482; *Flynn v. Neosho*, 114 Mo. 567, *loc. cit.* 572; *Oliver v. Kansas City*, 69 Mo. 79, *loc. cit.* 83, and *passim*. (2) The fact that plaintiff was aware of the defect in the sidewalk that occasioned her injury at the time she attempted to pass over it, was but a circumstance which might be taken into account by the jury while consid-

ering the issue of contributory negligence; but by itself would not establish the fact. And in this case, in view of the circumstances attending, the fall and injury of plaintiff could scarcely be considered as amounting to evidence of negligence on her part at all. *Maus v. Springfield*, 101 Mo. 613, *loc. cit.* 618; *Taylor v. Springfield*, 61 Mo. App. 263, *loc. cit.* 265; *Smith v. St. Joseph*, 45 Mo. 449; *Loewer v. Sedalia*, 77 Mo. 431, *loc. cit.* 444; *Weed v. Ballston*, 76 N. Y. 329, *loc. cit.* 333. (3) The question of negligence, both of the city and of the plaintiff, was for the jury, and unless such negligence is proved by evidence so cogent, and it is made so obvious that reasonable men would not doubt its existence, the verdict of the jury is final; that is their province and not the province of the court. *Sindlinger v. Kansas City*, 126 Mo. *loc. cit.* 325; *Loewer v. Sedalia*, 77 Mo. 431, *loc. cit.* 444, 446, 447; instruction number 1, *Roe v. Kansas City*, 100 Mo. 190, *loc. cit.* 192, 193; *Bassett v. St. Joseph*, 53 Mo. 303.

ELLISON, J.—Plaintiff recovered a judgment against defendant as damages for injuries received by her while walking along one of defendant's streets after night. Defendant's appeal is based on alleged errors in instructions. We may say now that the principles of law contended for by defendant need not be controverted, may be conceded, and yet the judgment be affirmed.

The plaintiff was injured by stepping off the end of a sidewalk at a point where there was a fall, or "drop-off" in the walk, the connection between the upper and lower portion being made by steps. The evidence establishes plaintiff's injury, and the only question we can discover in the case relates to the action of the court on the instructions. For the plaintiff, the court instructed that it was the duty of defend-

ant to keep its streets in a reasonably safe condition for travel, by night as well as by day, and submitted to the jury the question whether the place in controversy was a dangerous and unsafe place, and whether plaintiff was in the exercise of ordinary care and prudence at the time of her injury; that she had the right to assume she could use the street in safety by such care and prudence.

There was evidence tending to show that plaintiff was familiar with the walk at the point where the defect was. On this head the court instructed that, "the law did not require of her the exercise of extraordinary care while passing over it on the evening in question, but only such care and prudence, while passing over the same, as an ordinarily prudent person would exercise under like circumstances, and while such knowledge on her part may be taken into consideration in determining whether she was negligent or not, yet such knowledge alone would not be sufficient to establish such fact." This, we think, was a proper declaration of law. It has been repeatedly decided in this state that the fact of a pedestrian being acquainted with a defect in a sidewalk, and that there was a walk on the other side of the street free from the defect, will not prevent his recovery for injuries received by reason of the defect on the side he has chosen to go upon. In other words, such facts will not of themselves establish contributory negligence on his part as a matter of law, but may be weighed by the jury in their consideration of the question of such contributory negligence. *Taylor v. Springfield*, 61 Mo. App. 263; *Maus v. Springfield*, 101 Mo. 613; *Flynn v. Neosho*, 114 Mo. 567.

Instructions were given for the defendant which presented to the jury in plain terms the duty which the city owed to the public and the care and prudence which plaintiff was required to exercise. The court refused

instruction number 3, offered by defendant, which stated that if the sidewalk was in a reasonably safe condition for persons to pass over by the use of care and caution, and that the immediate cause of injury to the plaintiff was that she stepped over the steps which had been constructed in such walk, without remembering or noticing that they were there, the verdict should be for defendant. The substance of this instruction was so fully covered in those given for defendant that it was not error to refuse it. To have given it would have been merely asserting in another form of words what the jury had been already plainly told.

The argument submitted by defendant's counsel suggests that the evidence discloses such a state of facts as to preclude plaintiff's recovery as a matter of law. We do not think so. The questions, whether the place in controversy was not reasonably safe, or, in other words, whether the street was reasonably safe, notwithstanding the existence of the place in controversy, and whether plaintiff was guilty of contributory negligence, were not matters for the determination of the court, since the evidence was of such a character that these questions might have been determined either way. They were, therefore, properly submitted to the jury.

In our opinion we are not authorized to disturb the result, and the judgment will, therefore, be affirmed. All concur.