BROWN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. **STREET RAILWAYS: Personal Injuries: Prima Facie Case.** Where the paintiff was riding on horseback upon a street railway track and after looking back and seeing no car approaching from the rear on account of an intervening hill, rode on without looking further when the car approached from the rear and struck him, causing the injuries for which he sued the street railway company, and where he was in plain view of the motorman operating the car, so that the latter had opportunity to make proper and timely use of the means at hand for the purpose of giving warning of its approach, a demurrer to the evidence would not lie.

2. ———: ———: **Definite Instruction: Degree of Care.** A judgment for plaintiff in such an action will not be reversed on account of the failure of the trial court to define the degree of

care required of the street railway company, where the defendant failed to submit an instruction defining what degree of care was required and what acts would constitute negligence.

3. ———: ———: ———: **Variance.** Where the negligence relied upon as a cause of action, was the failure to sound a gong, and the evidence tended to show the gong was sounded at the moment of collision, there was no variance in an instruction authorizing a recovery for delay in signaling.

4. **PRACTICE: Instruction: Refusing Correct Instruction.** The refusal of an instruction which correctly states a legal proposition is not prejudicial error so as to cause a reversal, where it does not affect the substantial rights of the party asking it.

5. **PERSONAL INJURIES: Measure of Damages: Medical Attendance: Remittitur.** Where the petition states as an element of damage money paid for surgical and medical treatment and the evidence only shows a bill incurred for the same, it was error to permit a recovery of such amount as a part of the damages; but such error will not cause a reversal, where the plaintiff remitted a sum equal to the amount of such damage as alleged.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) The demurrer to the evidence should have been sustained. The actionable negligence charged is: (a) Dangerous and unlawful speed; (b) failure to sound the gong or bell; (c) failure of the motorman to avoid the injury after he saw, or, by the exercise of reasonable care, could have seen plaintiff. (2) It will not be controverted that there was no evidence as to dangerous or unlawful speed, neither will it be contended by respondent that the gong on the car was not sounded, for plaintiff's attention, by his own admission, was attracted to the approach of the car by hearing the gong. (3) Defendant is not charged with negligence in failing to sound the gong in time to have enabled plaintiff, by exercising ordinary care, to leave

the track in safety. (4) There was no evidence that the motorman could have stopped the car when his duty to attempt so to do began. The absence of such evidence is fatal to plaintiff's recovery. Zurfluh v. Railway, 46 Mo. App. 642; Molyneux v. Railway, 81 Mo. App. 25; Hanselmann v. Railway, 88 Mo. App. 129; Cogan v. Railway, 101 Mo. App. 179, 73 S. W. 738; Moore v. Railway, 176 Mo. 528, 75 S. W. 672; McGauley v. Railway, 79 S. W. 461; Lien v. Railway, 79 Mo. App. 475; Skipton v. Railway, 82 Mo. App. 134; Boyd v. Railroad, 105 Mo. 371, 16 S. W. 909; Jackson v. Railroad, 157 Mo. 621, 58 S. W. 32; Tanner v. Railroad, 161 Mo. 497, 61 S. W. 826; Sharp v. Railroad, 161 Mo. 214, 61 S. W. 829; Zumault v. Railroads, 175 Mo. 288, 74 S. W. 1015; Petty v. Railroad, 78 S. W. 1003; Fanning v. Transit Co., 78 S. W. 62. (5) Plaintiff can not state one cause of action and recover upon another. Link v. Vaughn, 17 Mo. 585; Beck v. Ferrara, 19 Mo. 30; Robinson v. Rice, 20 Mo. 229; Ensworth v. Barton, 60 Mo. 511; Waldhier v. Railroad, 71 Mo. 514; McManamee v. Railroad, 135 Mo. 440, 37 S. W. 119; Raming v. Railway, 157 Mo. 477, 57 S. W. 268. (6) An instruction must not be predicated upon the pleadings alone nor upon the evidence alone; it must be predicated upon both the pleadings and the evidence. Paddock v. Somes, 102 Mo. 266, 14 S. W. 746; Bergman v. Railroad, 104 Mo. 77, 15 S. W. 992; Railroad v. Railroad, 118 Mo. 599, 24 S. W. 478; Dunham v. Joyce, 129 Mo. 5, 31 S. W. 337; Macke v. Davis, 61 Mo. App. 524; Marr v. Bunker, 92 Mo. App. 651. "The instruction injected an element foreign to the issues, to the pleadings and to the proof." Jacobson v. Transit Co., 80 S. W. 309. (7) The instruction is further erroneous in submitting the question of plaintiff's negligence to the jury without informing them what act or acts would constitute negligence. Duerst v. Railroad, 163 Mo. 607, 63 S. W. 827; Lesser v. Railroad, 85 Mo. App. 326; Allen v. Transit Co., 81 S. W. 1142. (8) The refusal

of instruction D is of itself error sufficiently grave to demand a reversal. Proof of the accident and injury did not raise a presumption of negligence on the part of defendant, but it was incumbent on plaintiff to prove one or more of the three negligent acts specified. Reno v. Railway, 79 S. W. 468; O'Malley v. Railway, 113 Mo. 319, 20 S. W. 1079; Bartley v. Railway, 148 Mo. 124, 49 S. W. 840; Feital v. Railroad, 109 Mass. 398.

*B. O. Davidson* and *A. R. Russell* for respondent.

REYBURN, J.—This is an action for personal injuries, and the specifications of negligence assigned as cause of the casualty in substance were, a dangerous and unlawful rate of speed and failure to sound bell or gong of the colliding car. The defendant in answer made a general denial and attributed the injuries suffered by plaintiff to his own negligence in carelessly riding a horse upon or so near its tracks, upon which a car was approaching, that the horse was struck, when by looking or listening for the approach of the car, he could have seen it and avoided the injury; or by carefully managing the horse, have escaped injury.

The testimony introduced at the trial was elicited wholly from the witnesses of plaintiff and disclosed that plaintiff, the stable manager of a storage concern in the city of St. Louis, and in charge of its horses, on May 14, 1903, about noon of a bright sunny day, was riding a heavy draft horse west along the Natural Bridge road. That this road was a public highway of the city of St. Louis, extending northwestwardly from Grand avenue and traversed by double railroad tracks. The plaintiff had ridden a mile or more from Grand avenue on defendant's tracks, getting out of the way from time to time as required by passing cars and returning to the tracks, as the roadway outside of them, while unobstructed, was rough and not paved. Westwardly from Taylor avenue, an intersecting street, the

grade of the road declines and is so abrupt that from a point fifty yards west of Taylor avenue, the summit, a car moving westwardly but beyond Taylor avenue, would be out of range of plaintiff's sight, though on horseback. At Taylor avenue, the top of the hill, he looked eastward for a car and perceiving none, proceeded fifty yards further and again looked back, his view being confined by the top of the hill. No car being in sight, he continued down the grade at a walk in the north track without again turning to look, until simultaneously with the sound of its gong, a west-bound car struck the horse in the rear, hurling it north from the track, killing it, and precipitating the plaintiff against a telegraph pole about eight feet from the track, and running about fifty feet before stopping. A demurrer to the evidence was overruled; the court by the instructions restricted plaintiff's right of recovery to the failure by defendant to apprise him of the approach of the car by sounding the gong and a verdict for $1,100 was returned by the jury.

1.  No error was committed in overruling the demurrer to the evidence and the refusal of the arbitrary instruction asked at close of testimony. The collision occurred in broad daylight on a public highway, where plaintiff had joint right-of-way with defendant even on those portions of the thoroughfare traversed by its tracks, on which he had lawful right to travel, but maintaining a reasonable degree of vigilance by looking and listening for a car drawing near upon such track, from behind and travelling in the same direction. He was in plain, unobstructed view of the motorman operating such car and it was the duty imposed on the latter, when he saw the rider ahead on the track, to make proper and timely use of the means with which the car was equipped for that purpose to give warning of its approach and to caution him by sounding the gong and afford a reasonable opportunity to get out of the way by leaving the track. The facts disclosed

by the testimony made the case fall fairly and safely within the rule of law exhibited in the first instruction given for plaintiff. Klockenbrink v. Railroad, 172 Mo. 69, 72 S. W. 900.

This first instruction was as follows:

"The court instructs you that if you find and believe from the evidence that the plaintiff was riding horseback west on Natural Bridge road, upon the track of the defendant, and the motorman who was in charge of the car of the defendant that was approaching from behind, either saw, or by the exercise of reasonable care could have seen the plaintiff, and could have given him warning of the approach of said car in time to have permitted him to get out of its way and the said motorman failed so to do and by reason of such failure on the part of the motorman, plaintiff was injured in a collision of said car and the horse upon which he was riding, you will find for the plaintiff, unless you further find that the plaintiff was guilty of negligence which directly contributed to his injury."

The twofold criticism is pressed, that this instruction failed to inform the jury what acts would constitute negligence, and that it submitted a false issue outside of the pleadings, as the cause of action relied on was the failure to sound the gong, while this instruction sanctioned a recovery for delay in signaling. If the defendant felt the jury required a definition of the degree of care incumbent on plaintiff, more exact than the terms of the other instructions at its instance, it was its province to submit an instruction with appropriate provisions, which it failed to do, and therefore is in no position to complain. Parman v. Kansas City, 78 S. W. 1046; Feary v. O'Neil, 149 Mo. 467, 50 S. W. 918.

The other objection to this instruction is equally untenable; the evidence tending to show that the gong was sounded contemporaneously with the collision was not objected to nor a variance charged, and the instruc-

tions given for defendant were framed in consonance with the theory that the gong had been sounded before the horse ridden by plaintiff was struck by the car, and it may be doubted whether such variance in any aspect was not immaterial and worked no prejudice.

3. The instruction sought by defendant, but refused by the court, to the effect that the mere occurrence of the catastrophe created in itself no presumption of negligence on the part of defendant and denying the right of the jury to find for plaintiff merely because the accident took place, was the correct expression of such legal proposition, and might properly have been given; but its declination does not appear to have been so prejudicial as to affect defendant's substantial rights and enforce reversal for that cause alone. R. S. 1899, sec. 865.

5. The petition embraced averments that plaintiff had expended the sum of fifty dollars for surgical and medical treatment and medicines, and the court in the instruction respecting the measure of damages, permitted the recovery of the reasonable value of the medical treatment and drugs rendered necessary by the injuries, not exceeding fifty dollars. The proof fell short of establishing payment of the physician's bill of $50, but showed such charge had been made and a bill rendered but no proof was offered of disbursements for drugs. The incurring of liability by plaintiff without actual payment might have sufficed (Minster v. Railway, 53 Mo. App. 276; 2 Thompson, Negligence, p. 1258, note a); and no recovery of expenses of medicines was justified by the evidence, but any effect of this error may be effaced by remittitur of the amount of fifty dollars (Muth v. Railway, 87 Mo. App. 422) which if entered, the judgment is affirmed. All concur.