## MARY J. EDGER, Respondent, v. ANNA KUPPER, Appellant.

### Kansas City Court of Appeals, February 6, 1905.

1. **APPELLATE PRACTICE: Conflicting Evidence: Jury.** Where there is a conflict of evidence the appellate courts will not interfere with the finding of the jury.

2. **TRIAL PRACTICE: Instructions: Harmless Error: Verdict.** An instruction should limit the amount of plaintiff's recovery to the sum alleged in the petition, but where the verdict is less than such amount the error is harmless.

3. ———: ———: **Evidence.** Where there is some evidence an instruction that there is none should be refused, and on the other hand instructions should not be given without evidence to support them.

4. ———: ———: **Matters Covered:** Instructions should clearly and concisely present the issues without unnecessary repetition, and it is not error to refuse instructions on the matters covered by other instructions.

5. **EVIDENCE: Pleading: Witnesses' Credibility.** Evidence of matters not in issue under the pleadings should not be admitted nor should evidence tending merely to prejudice a party before the jury for the simple purpose of discrediting him.

6. **TRIAL PRACTICE: Attorney's Remarks: Objection.** It is too late to complain of the conduct of an attorney for the first time in a motion for new trial. Such concerns are matters of exception and must be brought up by bill of exceptions.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Kelly & Buchholz* and *T. B. Buckner* for appellant.

(1) The court committed error in giving instruction numbered one as prayed by the plaintiff. This instruction makes no limit on the amount plaintiff could recover from the defendant. Wright v. Jacobs, 61 Mo. 19; Van Riper v. Morton, 61 Mo. App. 444; Wagner v. Ptg. Co., 45 Mo. App. 6; Shockley v. Fisher, 21 Mo. App. 551; Armstrong v. St. Louis, 3 Mo. App. 100; Ashby v. Shaw, 82 Mo. 76. (2) Error in instructions is presumably prejudicial in the absence of a showing that it is harmless. Camp v. Railroad, 94 Mo. App. 272; Hollenbeck v. Railroad, 141 Mo. 107; Dayharsh v. Railroad, 103 Mo. 570; Skinner v. Stifel, 55 Mo. App. 9; Railroad v. O'Reilly, 158 U. S. 334; Gilmer v. Highley, 110 U. S. 47. (3) The court erred in refusing to sustain defendant's demurrer to the evidence and in refusing to give instruction numbered one as prayed by the defendant. Dalrymple v. Craig, 149 Mo. 345; Gage v. Trawich, 94 Mo. App. 311; Boggess v. Railroad, 118 Mo. 328; Weimberg v. Railroad, 139 Mo. 286. (4) The court erred in refusing to give instructions numbered six and seven as prayed by the defendant. There was no evidence the defendant ever knew that plaintiff was either acting, assuming to act or claiming to act as manager of said hotel. Adm'x v. College, 41 Mo. 309; Hughes v. Vanstone, 24 Mo. App. 641; Carter v. Phillips, 49 Mo. App. 323; Painter v. Ritchey, 43 Mo. App. 112; Kammerman v. Wiggington, 70 Mo. App. 480. (5)

The court erred in refusing to give instructions numbered eight and nine as prayed by the defendant. Nordyke v. Kehler, 155 Mo. 643; Crapson v. Wallace Bros., 71 Mo. App. 682. (6) The court erred in refusing to give instruction numbered ten as prayed by the defendant. Adm'x v. College, 41 Mo. 309; Kammerman v. Wiggington, 70 Mo. App. 480. (7) The court erred in refusing to allow defendant to show that plaintiff received her board and room and laundry as a part of the emoluments and compensation for her services. Chamberlain v. Cobb, 32 Iowa 161; Francis v. Shrader, 67 Ill. 272; Upson v. Raiford, 29 Ala. 188; Dix v. Marcy, 116 Mass. 416; 1 Beach on Contracts, sec. 582; Estes v. Shoe Co., 155 Mo. 577; Cook v. Bates, 88 Maine 455; Fletcher v. Massey, 49 Ill. App. 36. (8) The court erred in refusing to allow the defendant to show that plaintiff was a double grass widow. (9) The court erred in overruling defendant's objection to the hypothetical question propounded by plaintiff's attorney to witness Campbell. State v. Palmer, 161 Mo. 452. (10) Improper remarks made by attorneys for the plaintiff in their addresses to the jury. Killoren v. Dunn, 68 Mo. App. 212; Nichols v. Metzger, 43 Mo. App. 607; Miller v. Dunlap, 22 Mo. App. 97; Gibson v. Ziebig, 24 Mo. App. 67; Carder v. Prum, 64 Mo. App. 96; McDonald v. Cash, 45 Mo. App. 79.

*Stewart Taylor* and *J. D. McCue* for respondent.

(1) The plaintiff demanded judgment for the sum of $1,620, as a balance due her for services rendered the defendant. The verdict of the jury is for the sum of $607.50. It, therefore, affirmatively appears that the instruction was not prejudicial to the defendant. Wagner v. Ptg. Co., 45 Mo. App. 6. (2) The defendant by proceeding with the trial waived the supposed error in overruling her demurrer. She cannot urge that here. The case now rests on the evidence given on the trial;

and this court will not now examine the evidence to see whether the demurrer was well taken.   Felix v. Bevington, 52 Mo. App. 407; Price v. Barnard, 65 Mo. 651; Jennings v. Railroad, 112 Mo. 268; Hiltz v. Railroad, 101 Mo. 36.   (3)   The rule is well settled in this State that a demurrer to evidence will not be sustained if there is any evidence which tends to support the plaintiff's claim, and in weighing the evidence the court will consider it in the light most favorable to the party offering it, and draw therefrom all reasonable inference which the jury might draw.   Young v. Webb City, 150 Mo. 341; Bank v. Simpson, 152 Mo. 656; Noenger v. Voyt, 88 Mo. 589; Bender v. Railroad, 137 Mo. 240; Buesching v. Gas Co., 73 Mo. 219; Fisher v. Railroad, 23 Mo. App. 201; Zwissler v. Storts, 30 Mo. App. 163; Baird v. Railroad, 146 Mo. 281; Kattleman v. Fire Assn., 79 Mo. App. 452; Roe v. Annan, 80 Mo. App. 198; Cook v. Railroad, 63 Mo. 402; Stewart v. Sparkman, 69 Mo. App. 549; Glennon v. Gas Co., 145 Mo. 503; Gutridge v. Railroad, 105 Mo. 520; Damhorst v. Railroad, 32 Mo. App. 356; Rontsing v. Railroad, 45 Mo. 236; Emmerson v. Sturgeon, 18 Mo. 589; Samuel v. Parker, 28 Mo. App. 365; Twohey v. Frim, 96 Mo. 104. (4)   The defendant did not plead payment or set-off. Her answer was a general denial, and this evidence was wholly outside the issues in this case.

JOHNSON, J.—Action on contract alleged in the petition to have been verbally made between plaintiff and defendant for the employment of plaintiff as "resident manager" of a family hotel operated by defendant in Kansas City, Missouri.   Employment is alleged to have begun on February 1, 1900, and continued for a period of twenty-two and one-half months.   Plaintiff says in her petition that no definite amount of salary was agreed upon between her and defendant but that defendant agreed to pay her "a reasonable and fair compensation therefor," and that $100 per month is

Edger v. Kupper.

the reasonable value of her services. She admits receiving payments on account of services performed under said contract aggregating in amount $630, which being applied as a credit on account leaves a remainder, so she alleges of $1,620 due her from defendant, for which sum with interest she prays judgment.

The answer is a general denial. A trial of the cause after issue joined resulted in a verdict and judgment in favor of the plaintiff in the sum of $607.50 from which after unsuccessfully moving for a new trial and in arrest of judgment defendant prosecutes this appeal.

The evidence is conflicting. Plaintiff on her part introduced substantial evidence in support of the allegations of her petition. Defendant introduced evidence supporting her contention that plaintiff's employment was not as resident manager but as housekeeper; that the amount of wages plaintiff was to receive was agreed upon and the payments received settled in full her compensation. The jury decided this conflict in plaintiff's favor. The trial court, in passing upon the motion for new trial, refused to set aside the verdict as being against the weight of the evidence. Many of the points made by defendant in her brief are predicated either upon the assumption that there was no evidence to sustain the verdict, or that it was against the weight of the evidence. There was sufficient evidence for the jury to consider. In a situation such as this we do not interfere.

Complaint is made of instruction numbered one given on behalf of plaintiff because it failed to limit the amount of recovery to the amount claimed in the petition. This was error but it was not prejudicial to defendant, the amount of the verdict being much less than that claimed in the petition. [Wagner v. Printing Co., 45 Mo. App. 6.]

Instructions numbered six and seven asked by defendant were properly refused. They told the jury in

substance there was no evidence that plaintiff was employed by defendant as manager, or that defendant knew that plaintiff was assuming the duties of that position. The rule invoked by defendant in aid of these instructions that, one who voluntarily performs a service for another without the existence of an intention that he is to be paid therefor cannot recover for such services, is without application, for the reason that there was abundant evidence to go to the jury on that very issue—which was the principal bone of contention in the case.

Nor was any error committed in refusing instructions numbered eight, nine, ten and eleven prayed for by defendant, all of which were fully covered by other instructions given on behalf of defendant. [Culverson v. Maryville, 67 Mo. App. 343.]

It is the office of instructions to clearly and concisely present the issues to the jury without unnecessary repetition. Reiteration has a tendency to confuse and mislead by giving undue prominence to certain features of the case, and should be avoided.

We have considered all of the points made by appellant in criticism of the action of the court in the giving and refusing of instructions and find no merit in any of them. The case was fairly presented to the jury.

In ruling upon the admission of evidence offered the learned trial judge was also free from error. The question of board, room and laundry furnished the plaintiff was not in issue either under the pleadings or the admitted facts in evidence. Witness Campbell was competent to testify upon the subject of the value of plaintiff's services and the hypothetical question asked him was based upon plaintiff's evidence as well as upon that of other witnesses. It certainly was not proper for defendant to probe into plaintiff's matrimonial affairs. Whether or not she is a "double grass widow" has no bearing upon any of the issues of this case, and

its proof could be offered for no other purpose than to weaken plaintiff's credibility as a witness—and for this purpose it was not competent; nor did such matrimonial misfortunes, if they existed, even tend to convict plaintiff of being "something of an adventuress" as urged in appellant's brief. Such evidence evidently was intended to prejudice plaintiff before the jury, and was properly excluded.

Finally, much is said by appellant relative to improper remarks made by plaintiff's attorneys in their arguments to the jury. It is unnecessary for us to consider the propriety of the statements in question or the correctness of the action of the court with respect thereto. The bill of exceptions fails to show the remarks complained of, or that any exception was saved. The point is made for the first time in the motion for new trial and is supported by affidavits. We held in the case of Norton v. Railroad, 40 Mo. App. 649, "the rule in this State is that, improper remarks of counsel are matters of exception and should be shown by the bill of exceptions and not brought to the attention of the trial court by affidavits in support of motions."

The judgment is affirmed. All concur.