GIRTY KIRBY, Respondent, v. ALBERT W. LOWER, Appellant.

Springfield Court of Appeals, January 3, 1910.

1. **EVIDENCE: Erroneous Exclusion: Damages.** Where testimony is excluded by the trial court which should have been omitted, but which went only to the mitigation of damages, and the damages awarded by the jury are, under the evidence, very small; *held*, that the exclusion of the evidence did not result in injury to the defendant and hence the error was harmless.

2. **INSTRUCTIONS: Definition of ·Word.**  It is the duty of a party objecting to instructions, which do not contain the definition of a term or word, to offer an instruction properly defining it and request the court to give it; and general objections to the instructions given are not sufficient to call the court's attention to the fact that a word used in the instruction should be defined.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. P. Hays* and *G. A. Watson* for appellant.

(1)   Instruction No. 1 is condemned by our appellate courts for the reason it does not direct the jury as to the measure of damages but leaves them in the dark on this matter.   Schwab v. Railway, 106 Mo. 74; Goss v. Railway, 50 Mo. App. 614.   It is error to instruct the jury to assess damages at whatever sum they may believe she has sustained.   Flynt v. Railroad, 38 Mo. App. 94.   (2)   The second instruction given for plaintiff is erroneous for the reason that it embraces elements of damage not pleaded and advises the jury if defendant seduced plaintiff under the promise of marriage that fact should be considered as an aggravation of damage. Seduction should be defined.   Every illicit intercourse is not seduction.   Bailey v. O'Bannon, 28 Mo. App. 50; State v. Dent, 170 Mo. 398.

*G. W. Thornberry* and *F. W. Barrett* for respondent.

COX, J.—Action for $10,000 damages for breach of promise with seduction alleged as aggravation.   Trial by jury, verdict for plaintiff for $800, and defendant has appealed.

Error is assigned in the exclusion of testimony offered by defendant and in instructions given for plain-

tiff. Plaintiff testified to the promise of marriage having been made in April, 1905, and, on cross-examination, was asked if she had not said to Mrs. Whitsett about harvest time, 1905, that she was going to be married to one Shelton. The witness answered no, but on objection of plaintiff's attorney, the answer was stricken out. Defendant later offered to prove by Mrs. Whitsett that plaintiff had said to her, in June, 1906, that she was engaged to be married to Jesse Shelton, a single and unmarried man. This offer was rejected. If this conversation occurred at all it was after the alleged promise of defendant, yet, we think it should have been admitted. While it would not constitute a complete defense, yet, if true, it would have been proper for the consideration of the jury in mitigation of damages, and if this were a close case, or the damages assessed had been to any extent excessive, we should reverse this case for this error. We find, however, that the uncontradicted testimony shows that this plaintiff lived at home with her parents and kept company with no one until she went to work for defendant, and that when her parents consented for her to go to work for defendant at his home, where he lived with another man and his wife, he was admonished by her parents to see that she kept good company, and he promised to do so, and if she did anything out of the way he would report to her parents. Defendant did not deny this agreement upon his part, but simply denied that he promised to marry the plaintiff. He admits that he debauched the plaintiff, and said, "I had sexual intercourse with her, I do not recollect how many times."

In view of the fact that upon the undisputed testimony and the admission of defendant, he had promised the parents of this young woman to look after her conduct, and had violated that obligation in the most reprehensible manner possible, and yet the jury only assessed plaintiff's damages at $800, our conclusion is that the

exclusion of this testimony did not result in injury to the defendant, and, hence, the error was harmless.

The instructions complained of told the jury that if they found for the plaintiff they should assess her damages "at whatever amount they may believe from the testimony she has sustained, not to exceed the sum of ten thousand dollars."

That in determining the amount of damages plaintiff is entitled to, they should take into consideration the injury to plaintiff's feelings, affections and wounded pride, as well as loss of marriage, and, if they believed that by virtue of the promise of marriage defendant seduced the plaintiff, then they might take that fact into consideration as an aggravation of damages.

Complaint is now made that the word "seduced" was not defined in the instructions. The defendant objected to these instructions in a general way only. He did not call the court's attention in any way to the fact that the term "seduced" had not been defined in the instructions. A general objection to an instruction is not sufficient to call the court's attention to the fact that a word used in the instruction should be defined. If defendant wanted this term defined he should have prepared an instruction properly defining it and asked the court to give it to the jury. Having failed to do so he cannot now complain. The instructions fairly declared the law and the evidence is ample to sustain the verdict. The judgment is affirmed. All concur.