PAUL A. SAMPSON, Respondent, v. ST. LOUIS &
SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, May 8, 1911. Motion for Rehearing
Overruled June 13, 1911.

1. MASTER AND SERVANT: Negligence: Injury from Machinery:
Sufficiency of Evidence. While working for defendant, plaintiff's hand was injured in a machine called a "jointer." The evidence showed that plaintiff had complained to the mill man in charge of the repair of the machine that the screws which held the boxing at the ends of the cylinder were loose; that the mill man undertook to repair the machine and notified plaintiff that it was safe and directed him to resume work; that plaintiff did so, and immediately thereafter while operating the machine the screws came loose, the cylinder bounced and vibrated and caused plaintiff's hold upon a board which was being joined to loosen, and his hand to fall into the revolving knives. Held, that the evidence was sufficient to entitle plaintiff to go to the jury on the theory that the mill man either did not fix the machine at all or did not fix it properly.

2. ———: Fellow-Servant: Vice-Principal: Keeping Machinery in
Repair. In a suit for damages for injury to plaintiff on account of the alleged negligence of the defendant for failure to keep a "jointer" in repair, the plaintiff testified that it was the duty of the machine man, Morris, to repair the machine and that plaintiff was not permitted to repair it; that Morris did undertake to repair it and after doing so, told him it was all right and directed him to work upon it, which he did, the accident following immediately afterward. Held, that if this testimony was true, that Morris represented the defendant for the purpose of repairing the machine and as to that work would not be a fellow-servant, no matter what were his other duties.

3. ———: Defective Machinery: Volunteers. In a suit for damages for injury to plaintiff on account of a defect in a machine which he was operating at the time of the accident, plaintiff testified that his duty was to do any carpenter work to be done and that he had used this machine on former occasions by direction of the foreman in charge of the department in which plaintiff worked. Held, that this was sufficient to show that plaintiff was not a mere volunteer.

4. **MASTER AND SERVANT: Duty of Master.** The law only requires that the master use ordinary care for the purpose of furnishing the servant with reasonably safe appliances with which to work.

5. **INSTRUCTIONS: Definition of Term: Failure to Request: Appeal and Error.** Where defendant did not at the trial request the court to define the term "duly authorized agent", he cannot on appeal be heard to complain of the failure of the trial court to define such term.

6. ———: **Witness Testifying Falsely: Discretion of Trial Court.** An instruction to the effect that if the jury believed any witness had willfully testified falsely as to any material fact, they might disregard any or all of such witness's testimony, should not be given as a matter of course in all cases. There should be some basis for it, yet the giving or refusing of such an instruction is largely a matter of discretion with the trial court. Where, as in this case, there was a sharp conflict and contradiction between the witnesses, the instruction was justified.

7. ———: **Measure of Damages: Limited to Amount Prayed For: Harmless Error.** In an instruction on the measure of damages it is error not to limit the amount of recovery to the amount claimed in the petition, but where the amount recovered was less than that prayed for in the petition, the error was harmless.

8. ———: **Master and Servant: Assurance of Safety.** In an action for damages for injury to plaintiff while operating a machine for defendant on account of a defect in the machine, about which plaintiff had complained to the machine man in charge of the repair thereof, who had attempted to repair it and had assured plaintiff that it was all right, it was *held* proper to refuse an instruction which took from the plaintiff the right to rely upon such assurance of safety.

9. **MASTER AND SERVANT: Obvious Defects: Duty of Servant.** Where the defect in a machine is not shown to have been apparent and obvious the servant is not required to make an examination to see if the machine had been properly repaired after the vice-principal of the master, who had undertaken to repair it had assured him that it was then safe.

10. **EVIDENCE: Personal Injuries: Physical Examination.** In a suit for damages for injury to plaintiff's hand, which had been cut and mashed in a defective machine, plaintiff testified that the circulation of the blood in the hand was not normal and that it remained cold all the time. *Held*, proper for him to corroborate this testimony by permitting a physical examination of the injured hand by the jury.

11. DAMAGES: Personal Injuries: Excessive Verdict. In a suit for damages for injury to plaintiff's left hand, the evidence showed that the injury disabled the hand and incapacitated plaintiff from following his usual occupation as a carpenter and cabinet maker, by which he could earn and was earning at the time of the injury, $2.25 per day, that he had suffered and was still suffering great pain; *held*, that a verdict of $3500 was not excessive.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1) The court erred in refusing to sustain the demurrer offered at the close of respondent's evidence and in refusing appellant's request for a peremptory charge at the conclusion of all the evidence in the case. Dunn v. Nicholson, 117 Mo. App. 377; Seila v. Railroad, 82 Mo. 435; McCarty v. Hotel Co., 144 Mo. 402; Richardson v. Mesker, 171 Mo. 674; Mathews v. Railroad, 227 Mo. 250; Hartman v. Muehlebach, 64 Mo. App. 575; Beebe v. Transit Co., 206 Mo. 438. (2) The court erred in giving instructions 1, 2 and A, requested by respondent. And in refusing to give instruction requested by appellant. Beebe v. Transit Co., 206 Mo. 438; Radtke v. Basket & Box Co., 229 Mo. 26; Henson v. Stave Co., 131 S. W. 934; Coen v. Lounge Co., 222 Mo. 506; Kelly v. Railroad, 105 Mo. 383; Bank v. Murdock, 62 Mo. 70; Spencer v. Bruner, 126 Mo. App. 94; Seehorn v. Hall, 130 Mo. 262; George v. Railroad, 40 Mo. App. 447; Linn v. Bridge Co., 78 Mo. App. 117; State v. Steele, 226 Mo. 600; Holden v. Railroad, 177 Mo. 456; Hawes v. Stock Yards, 103 Mo. 68; Crews v. Lackland, 67 Mo. 719; State v. Cashing, 29 Mo. 215; Stark v. Knapp, 160 Mo. 548; Ridenhour v. Railroad, 102 Mo. 270. (3) The court erred in overruling the appellant's motion for a new trial. Dowd v. Reed, 53 Mo. App. 553; Council v. Railroad, 123 Mo. App. 432; Bloom v. Haas, 130 Mo. App.

122; Whitsett v. Ranson, 79 Mo. 260; Spiro v. Transit Co., 102 Mo. App. 264; Kennedy v. Transit Co., 103 Mo. App. 9; Richardson v. Brick Co., 122 Mo. App. 532; Lehnick v. Railroad, 118 Mo. App. 616.

*Thomas Moore* and *Hamlin & Seawell* for respondent.

(1) The master's obligation to furnish suitable machinery for the servant's use is not discharged by the employment of an agent or servant charged with the duty of performing the obligation. Bridges v. Railroad, 6 Mo. App. 389; Weldon v. Railroad, 93 Mo. App. 668; Zellers v. Light Co., 92 Mo. App. 119; Jones v. Railroad, 178 Mo. 544; Huth v. Dohle, 76 Mo. App. 671. (2) The instructions given at the request of respondent, have repeatedly been approved by the appellate courts of this state and correctly declared the law in this case. Robertson v. Fuller, 115 Mo. App. 462; Rattan v. Railroad, 120 Mo. App. 270; Main v. Hall, 127 Mo. App. 713; Brown v. Transit Co., 108 Mo. App. 315; Feary v O'Neal, 149 Mo. 467; Garrard v. Coal Co., 207 Mo. 242; Kielty v. Construction Co., 121 Mo. App. 67; Fassbinder v. Railroad, 126 Mo. App. 570. (3) If the appellant desired an explanation of the words "duly authorized agent," it should have submitted an instruction with appropriate provisions and its failure places it in a position where it cannot complain. Brown v. Transit Co., 108 Mo. App. 315; Ashby v. Gravel Co., 111 Mo. App. 84; Crapoon v. Wallace, 81 Mo. App. 680; Wahl v. Transit Co., 203 Mo. 276; Goetz v. Ambs, 27 Mo. 32; Bank v. Ragsdale, 171 Mo. 168; Fillingham v. Transit Co., 102 Mo. App. 573; Williams v. Railroad, 119 Mo. App. 663; Ghere v. Zey, 128 Mo. App. 362; Moss v. Railroad, 128 Mo. App. 385; Betz v. Telephone Co., 121 Mo. App. 473; Holland v. McCarty, 24 Mo. App. 114; Harper v. Fidler, 105 Mo. App. 681. (4) The verdict is not excessive. Barree v. City, 112 S. W. 724; Ridenhour v. City, 102 Mo. 270;

Campbell v. Stair Co., 146 Mo. App. 681; King v. Railroad, 143 Mo. App. 299.

COX, J.—Action for damages for injury to plaintiff's hand, while he was in the employ of defendant with what is called a "jointer." Judgment for plaintiff for $3500, and defendant has appealed.

The errors assigned relate to giving and refusing instructions, and admission of certain testimony.

The petition charges that plaintiff was in defendant's employ as an engine carpenter and cabinet maker, and was required to use a machine called a "jointer." This "jointer" had in it a cylinder to which were fastened knives. When in use this cylinder revolved rapidly, and boards were dressed or jointed by being passed over this cylinder while in motion, and thus brought in contact with the knives upon the revolving cylinder. The boxing at the ends of this cylinder, in which it revolved were held in place by set screws. That these set screws became loose, thus permitting the cylinder to bounce or vibrate, and that this endangered the person using the machine, because of the liability to jar the hand and cause it to lose its hold upon the board being joined and fall into the revolving knives. That a servant of defendant, known as the mill man, had charge of the repair of the machine and that plaintiff called his attention to its condition, and that he undertook to repair the machine and render it reasonably safe, but negligently failed to do so, and after having undertaken the repair of the machine, notified plaintiff that it was safe and directed him to resume work upon it. That he did so and while using ordinary care upon his part the set screws came loose, the cylinder bounced or vibrated, causing plaintiff's hold upon the board being jointed to loosen, and his hand to fall into the revolving knives, causing severe injury. The answer was a general denial.

The first contention is that a demurrer to the testimony should have been sustained. Plaintiff's testimony tended to prove every allegation of the petition, and he was corroborated in the main by one other witness. Defendant's testimony was in sharp conflict, but we cannot weigh the testimony and determine where lies the preponderance. That duty devolves upon the jury alone. This is conceded, but it is contended that it is not shown that the party whom plaintiff says undertook to repair the machine was other than a fellow-servant, or that he was negligent. The plaintiff testified that it was the duty of the machine man, Hershell Morris, to repair the machine, and that the plaintiff was not permitted to repair it. That Morris did undertake to repair it and after doing so told him it was all right, and to go to work upon it. He did so, and the accident followed immediately. If this testimony is true then for the purpose of repairing the machine Morris represented the defendant, and could not as to that work be a fellow-servant no matter what his other duties might be. [Dutzi v. Geisel, 23 Mo. App. 676; Moore v. R. R. Co., 85 Mo. 588; Koerner v. St. Louis Car Co., 209 Mo. 141, 107 S. W. 481.]

The accident was caused by the set screws being loose which caused the cylinder to bounce and break plaintiff's hold upon the board, thus causing his hand to drop into the knives. The evidence of the negligence of Morris is that the set screws became loose and he attempted to fix them. After working at them a short time he told plaintiff the machine was all right and to go to work upon it. Plaintiff did so and the accident, caused by the loose set screws, followed immediately. This testimony would justify the jury in finding that Morris either did not fix the machine at all or did not fix it properly, or the accident would not have happened, and was sufficient to sustain a finding of negligence.

It is also contended that plaintiff was not required to use the machine, and that in doing so he was a mere

volunteer, and that for that reason, he could not re-
cover. On this question plaintiff testified that his duties
were to do any carpenter work to be done and while he
did not testify that he was directed to use this machine
on this particular occasion, he did testify that he had
used it on former occasions by direction of the foreman
in charge of the department in which plaintiff worked,
This evidence was sufficient on that question.

Objection is made to instruction number one for
plaintiff that it places upon defendant the absolute duty
to furnish plaintiff safe appliances with which to work,
while the law only requires the use of ordinary care for
that purpose. Defendant's contention as to the law
on that question is right, but we do not think the instruc-
tion open to this objection. This instruction is also
objected to because the term "duly authorized agent" is
used therein without defining it. Defendant did not at
the time of the trial deem the definition of this term of
sufficient importance to induce it to ask the court to de-
fine it, and not having called the trial court's attention
to it at the time, he cannot now be heard to complain.
[Kirby v. Lower, 139 Mo. App. 677; Brown v. St. Louis
Transit Co., 108 Mo. App. 310, 83 S. W. 310; Kischman
v. Scott, 166 Mo. 214, 229.]

An instruction was given telling the jury that if
they believed any witness had willfully testified falsely
as to any material fact, they might disregard any or all
of such witness' testimony. Objection is made that this
was improper in this case. This instruction should not
be given as a matter of course in all cases; like all other
instructions in a case, there should be some basis for it
before it is given; yet the giving or refusing of such an
instruction is largely a matter of discretion with the
trial court. [McCormick v. City of Monroe, 64 Mo. App,
197; Beasley v. Jefferson Bank, 114 Mo. App. 406, 89 S.
W. 1040; Walker v. R. R. Co., 106 Mo. App. 321, 80 S.
W. 282; Schmidt v. R. R. Co., 149 Mo. 269 and 289, 50
S. W. 921.] In this case there was a sharp conflict and

direct contradiction between witnesses for plaintiff and defendant, and we think the instruction justified in this case.

The instruction on the measure of damages is assailed on the ground that the amount of recovery is not limited to the amount claimed in the petition. This was erroneous, but since the amount recovered was less than that prayed for in the petition the error was harmless. [Crews v. Lackland, 67 Mo. 619, 622; Edgar v. Kupper, 110 Mo. App. 280, 85 S. W. 949; Wagner v. Printing Co., 45 Mo. App. 6.]

The defendant asked, and the court refused, the following instruction:

"Even though you may believe that Morris assured the plaintiff that it was safe to use the machine, yet if plaintiff saw, or could have seen, the manner in which said machine was repaired, if it was repaired, then he assumed the risk imminent to the use thereof and cannot recover."

This instruction is wrong in that it takes away from the servant the right to rely upon the assurance of safety given by the master. The defect in the machine is not shown to have been apparent and obvious and in such a case the servant was not required to make an examination to see if the machine had been properly repaired after the vice-principal of the master, who had undertaken to repair it, had assured him that it was then safe.

Plaintiff testified that the injured hand had an abnormal circulation of the blood and that it remained cold all the time. His counsel then asked him to exhibit his hands to the jury and to permit them to feel them. To this defendant's objection was overruled and is now assigned as error. We can see no reason why the plaintiff might not be permitted to corroborate his own testimony by a physical examination of the injured hand by the jury. This point must be ruled against appellant.

Complaint is made of the admission of some testimony designated as hearsay. We have examined this carefully and find it was brought out upon cross-examination and under the circumstances was not open to the objection made against it.

Finally it is contended that the verdict is excessive. The evidence shows plaintiff was a carpenter and cabinet maker, earning at the time of the injury $2.25 per day. That the injury disabled the left hand and incapacitated him to follow his usual occupation. That he had suffered great pain and was still suffering at the time of the trial.

We are not prepared to say that a verdict of $3500 was excessive. The judgment will be affirmed. All concur.