BEASLEY, Respondent, v. JEFFERSON BANK, Appellant.

### St. Louis Court of Appeals, October 31, 1905.

1. **PRACTICE: Instruction on Credibility of Witnesses: Discretion of Trial Court.** The giving of the common instruction that a jury is the sole judge of the credibility of witnesses and may disregard the testimony of any witness who has sworn falsely to a material fact, is within the discretion of the trial court and not to be controlled on appeal except for manifest abuse.

2. ——: ——: ——. The giving of such cautionary instruction is limited in that it is not permissible to designate one witness and level such an instruction at him.

3. ——: ——: ——. In an action where the jury were instructed touching the credibility of witnesses by a general instruction, it was not error to refuse an instruction directing attention to the plaintiff as an unchaste woman and permitting a consideration of that fact in determining her credibility.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Block & Sullivan* for appellant.

(1) Evidence of a general reputation for unchastity is admissible for the purpose of affecting the credibility of a witness. State v. Shroyer, 104 Mo. 446; State v. Hack, 118 Mo. 96; State v. Raven, 115 Mo. 423. (2) In this State you are not confined, for the purpose of affecting the credibility of a witness, to proving the general reputation of the witness, but may show that the witness has particular vices. State v. Sibley, 132 Mo. 102; Sitton v. Grand Lodge, 84 Mo. App. 211. (3) The two instructions prayed for by appellant, and refused by the court, should have been given in the form in which they were prayed. Feary v. Railroad, 162 Mo. 105;

State v. Weeden, 133 Mo. 77; State v. Miller, 93 Mo. 270; State v. Napper, 141 Mo. 407; Hartpence v. Rogers, 143 Mo. 634; Railroad v. Crancher, 132 Ind. 277; Rose v. Otis, 18 Colo. 62; Zimmerman v. Railroad, 71 Mo. 491; Murray v. Transit Co., 176 Mo. 190.

*H. M. Dalton* and *H. J. Gorin* for respondent.

(1) When the instructions in a case, taken as a whole, properly present it to the jury, the fact that one of them, standing alone, would be misleading, will not cause a reversal of the judgment of the trial court. Deweese v. Meramec Iron & Mining Co., 128 Mo. 423; Am. and Eng. Ency. of Law, p. 250; Dougherty v. Railroad, 97 Mo. 647; Muelhausen v. Railroad, 91 Mo. 332; McKeon v. Railroad, 43 Mo. 405. (2) If a court instructs a jury to consider all facts brought out in evidence, it is not error for it to refuse to indicate particular points in the evidence suggested by the defendant's counsel in his request for instructions. 73 Iowa 351; State v. Horn, 115 Mo. 417; Burdict v. Railroad, 123 Mo. 221; McFadin v. Catron, 120 Mo. 252; State v. Shroyer, 104 Mo. 441; Bodin v. Creel, 63 Mo. App. 229; Chaney v. Ins. Co., 62 Mo. App. 45; Noyes, Norman & Co. v. Cunningham, 51 Mo. App. 194; State v. Baldwin, 56 Mo. App. 423. (3) The judge is not at liberty to point out a particular witness and express an opinion as to his credibility, or as to the weight which the jury should attach to such witness's testimony. 1 Blatchfield, Instructions to Juries, par. 106; Thompson on Charging the Jury, p. 58. (4) Instructions calling attention to the veracity of witnesses are not favored by the courts, and their propriety and necessity are left entirely to the discretion of the trial court. White v. Lowenberg, 55 Mo. App. 69; State v. Miller, 93 Mo. 263; White v. Maxey, 64 Mo. 559; State v. Hickam, 95 Mo. 332; McCormick v. City of Monroe, 64 Mo. App. 197.

Beasley v. Jefferson Bank.

STATEMENT.

The defendant asked and the court refused the following instructions:

"The jury are instructed that they are the sole and exclusive judges of the credibility of the witnesses and the weight of their testimony, and in weighing their testimony the jury have the right to consider his or her demeanor upon the stand, their manner in testifying, their interest in the case and their general reputation for unchasteness or immorality, if you find from the evidence that any witness has such reputation, and if the jury believe from the evidence that any witness has willfully sworn falsely to any material fact in issue in this case, then the court instructs the jury that they have a right to disregard the whole or any part of the testimony of any such witness.

"The court instructs the jury that it is admitted in this case that the plaintiff is an inmate of a house of ill-fame and an unchaste woman, and the court further instructs the jury that they may take into consideration such fact in determining the degree of credibility and the weight to be given to her testimony in this case."

GOODE, J. (after stating the facts).—This action was instituted to recover a balance of $777 alleged to have been deposited by the plaintiff in the defendant bank and never to have been withdrawn by her. In defense it was contended the money had been paid out in the regular course of business on checks signed by the plaintiff. Eleven checks covering the amount in dispute and bearing plaintiff's name were put in evidence by the defendant. Plaintiff denied signing those checks and asserted her signature on them had been forged. Some experts swore the signatures were genuine, and one or two persons familiar with plaintiff's handwriting, that they were spurious. The trial court gave instructions which are not questioned on all the issues

save as to the credibility of the plaintiff. In a general instruction the court told the jury they were the sole judges of the credibility of the witnesses and in passing on their credibility might take into consideration all the facts and circumstances shown by the evidence. Plaintiff had herself testified that her reputation for chastity was bad; that she was a public prostitute and had been an inmate of a bawdyhouse three years or more. The bank contends that this testimony entitled it to an instruction directly calling the jury's attention to plaintiff's unchaste life and telling them they might take that fact into consideration in deciding as to the degree of credibility to be allowed her and the weight to be given to her testimony. The two instructions we have copied were requested by the defendant on the issue of plaintiff's credibility as a witness. Their refusal is the only error assigned on the appeal.

In this State a witness may be discredited by proof that the witness bears the reputation of being unchaste. [State v. Sibley, 132 Mo. 104, 33 S. W. 167; State v. Shroyer, 104 Mo. 446, 16 S. W. 286.] The trial court permitted the defendant to inquire concerning plaintiff's reputation for chastity, for the purpose of weakening her credibility and she confessed herself a prostitute. Did this confession bind the court to instruct the jury more definitely on the point of credibility than was done by telling them they might consider all the facts and circumstances in evidence in passing on a witness's credibility? Was he bound to instruct specifically that they might consider the fact that plaintiff was unchaste and a harlot? The giving of the common instruction that the jury is the sole judge of the credibility of witnesses and may disregard the testimony of any witness who has sworn falsely to a material fact, is a point of practice intrusted to the discretion of the trial court and not to be controlled on appeal except for manifest abuse. State v. Hickman, 95 Mo. 322, 8 S. W. 252; White v. Maxey, 64 Mo. 552.] The first of the re-

fused instructions comes within that rule. Some able judges have opposed the giving of a credibility instruction even in that general form; and all agree that it is not to be given except in the discretion of the trial court, with caution and where there are facts in evidence which render it probable, in the estimation of the judge, that there has been false swearing. [Schmidt v. R. R., 149 Mo. loc. cit. 289, 50 S. W. 291.] This question was dwelt on in McCormick v..City of Monroe, 64 Mo. App. 197, 201, in a manner unfavorable to such charges, save in exceptional circumstances; and in White v. Lawenberg, 55 Mo. App. 69, they were said to be regarded with disfavor. The reason why the courts hold to that view is that such an instruction is likely to be taken by the jury as an intimation that the judge trying the case believe some of the witnesses had testified falsely. [White v. Maxey, supra.] By the same reasoning, if a particular witness is named in a cautionary instruction regarding credibility, as was done in the second of the refused instructions in this case, the jury is apt to derive the notion that the court questions the veracity of the person mentioned. Every one familiar with trials knows how a jury will be influenced by the belief that the judge under whose guidance they are sitting, entertains a certain opinion about a matter connected with the case. A party who testifies in his own cause comes within the scope of a general instruction such as the court below gave, that the jury is the judge of the credibility of witnesses and the weight of the evidence, and is to determine those matters from all the facts in evidence. Instructions singling out particular phases of the evidence, or certain facts, and lending them undue emphasis by comments, or by directing the jury to consider them, are obnoxious to the law. [McFadin v. Catron, 120 Mo. 252, 25 S. W. 506; Kaiser v. Ins. Co., 7 Mo. App. 579.] An instruction was disapproved which told the jury that if they believed any witness testifying in the cause had,

at a previous trial, testified differently as to any material fact, and no sufficient reason had been shown why there should be such a discrepancy in the testimony of the witness, the jury was justified in disbelieving the whole or any part of such witness's evidence given on the second trial. [Schmidt v. R. R., 149 Mo. 269, 289.] This instruction was condemned because directed against the testimony of one witness, though that witness was not named in it; and for the reason that it went beyond the duty of the court and entrenched on the province of the jury. The Supreme Court said a trial court could go no further in instructing regarding the weight to be allowed to testimony than to tell the jury if they believed any witness had willfully sworn falsely as to any material fact, they might disregard the whole of that witness's testimony. That the present plaintiff was leading a life of vice was admitted by herself, and was one of the facts in the case from which the jurors were authorized, by the cautionary instruction the court gave, to make up their minds regarding her credibility. To give other instructions not only designating her, but the blemish on her character, would have tended, in our opinion, to emphasize unduly that one fact; and, besides, would have violated the rules of law pertaining to charging a jury, by singling out a particular witness for a credibility charge. The discretion of the trial court in giving a cautionary instruction regarding testimony is limited this far: it is not permissible to designate one witness, even though he is a party to the case, and level an instruction at him. [Dahlstrom v. R. R., 108 Mo. 525, 18 S. W. 919; State v. Meagher, 49 Mo. App. 571.] In the Dahlstrom case the trial court had been asked by the defendant to give the usual instruction regarding the credibility of witnesses, but in a form which made the charge applicable to the plaintiff alone. The court refused the instruction in that form, but gave it with an amendment, making it applicable to all the witnesses. To the refusal to give it as

asked, an exception was saved. It was ruled the court committed no error; that it was within its discretion to say whether a discrimination among the witnesses was called for by the circumstances of the case. In State v. Stout, 31 Mo. 406, the jurors were instructed that if they believed a certain witness had sworn falsely to material facts, they might disregard his whole testimony. It was said an instruction of that sort, pointing out a particular witness, was unusual and, in the circumstances of the case, called for a reversal of the judgment.

The precise point for decision is not whether it would have been erroneous to give the instructions the defendant requested, but whether it was erroneous to refuse them. As instructions touching credibility are to be given within the discretion of the trial court, and, as in this instance, one general instruction was given which included the plaintiff as a witness and made her credibility depend on all the facts in evidence, and as the particular fact to which the refused instructions called attention was one of those in evidence, we are not prepared to say the trial court committed reversible error in refusing them—to say so we should have to find there was a manifest abuse of discretion. The judgment is affirmed. All concur.