## STATE OF MISSOURI, Respondent, v. THURMAN, Appellant.

**St. Louis Court of Appeals, December 22, 1906.**

1. **PRACTICE: Refusing Instruction: Credibility of Witnesses.** The matter of instructing the jury upon the credibility of witnesses is largely in the sound discretion of the trial court and the appellate court will not consider an assignment of error for refusing to so instruct on behalf of the party who did not request such instruction.

2. ———: **Remarks of Counsel: Timely Exception.** A party cannot be heard to complain in the appellate court of the action of the trial court in failing to reprimand an attorney for improper remarks to the jury, where the party complaining failed to except at the time to the action of the court; and this applies both in criminal and civil cases.

3. ———: **New Trial: Newly-Discovered Evidence: Cumulative Evidence.** A new trial will not be granted on the ground of newly-discovered evidence where such evidence is cumulative merely.

4. ———: ———: ———: **Impeaching Witness.** Nor where such evidence tends only to impeach the credibility of the prosecuting witness in a criminal case.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Alfred Perkins* for appellant.

It is urgently insisted by counsel for appellant that this cause should be reversed for the following reasons: First. Because the newly-discovered evidence, as shown by the affidavits of W. J. Dodd, Omer McKee, W. P. Odom and J. D. Thurman, the appellant herein, filed with a motion for a new trial, were not merely cumulative or for the purposes of impeachment, but were directly touching the merits of the case, and if such evidence had been introduced in the course of the trial it would very likely have tended to have resulted in the acquittal of the defendant. Investment Co. v. Hoyt, 164 Mo. 140; State v. Murray, 91 Mo. 95; State v. Bailey, 94 Mo. 311; Howland v. Reeves, 25 Mo. App. 464. Second. Because the prosecuting attorney in his closing argument before the jury used language that would tend to close the eyes of the jury as to the evidence introduced by the appellant, over the objections of appellant's counsel and after he had been warned by the court. State v. Young, 99 Mo. 666; State v. Jackson, 95 Mo. 623; State v. Elmer, 115 Mo. 401.

*Thomas F. Lane*, Prosecuting Attorney, and *J. F. Fulbright* for respondent.

It has been held in this State that evidence merely cumulative or for the purpose of impeachment is insufficient to authorize a new trial. State v. Nettles, 153 Mo. 464; State v. Miller, 144 Mo. 26. It has long been held in this State that improper remarks of counsel not made the subject of an exception will not be considered on an appeal. State v. Hicks, 92 Mo. 431; State v. West, 95 Mo. 139; State v. Helsabeck, 132 Mo. 348; State v. Lamb, 141 Mo. 298. Objectionable remarks of counsel to the jury should be excepted to at the time and an instruction to disregard them asked in order to require a review or an appeal. State v. Dusenberry, 112 Mo. 227; State v. Green, 117 Mo. 298; State v. Edie, 147 Mo. 535.

NORTONI, J.—On a trial before the jury in the circuit court, the defendant was convicted of selling intoxicating liquor in less quantity than three gallons without a license as a dramshop keeper. There is substantial evidence to support the verdict. The prosecuting witness gave testimony tending to show that in the month of March or April, 1905, he visited the defendant's establishment in the city of Doniphan and expressed a desire to purchase a gallon of whiskey; that the defendant told him he could not sell him the whiskey but maybe he could fix it so that he could get it; that witness went out, procured a jug and returned; that the defendant thereupon filled the jug with a gallon of whiskey, for which witness placed three dollars, the price, on a barrel, and departed with the jug and contents; that it was in the month of March or April, the day was cold and a sleet storm was then prevailing; that defendant's establishment at the time was down "this side of the depot."

1. The instructions given by the court covered the issues fully, gave defendant the benefit of a reasonable doubt and submitted the case fairly to the jury. The defendant does not complain of the instructions as given, but he does complain that the court erred in failing to instruct the jury on the credibility of the witnesses. Now, there can be no possible merit in this assignment of error on the record before us, in view of the fact that the defendant did not request the court to so instruct. The defendant asked no instruction on the credibility of the witnesses nor otherwise, for that matter, and the record therefore presents a mere case of nondirection, which is not reversible error. Indeed, the matter of giving and refusing instructions on credibility, when requested in cases of this nature, is so largely vested in the sound discretion of the trial court that their refusal will only be condemned as error when it is manifest that the court, in refusing the request, abused

such discretion. [Beasley v. Jefferson Bank, 114 Mo. App. 406, 89 S. W. 1040.]

2. The prosecuting attorney made certain alleged improper remarks in his argument to the jury to which the defendant's counsel interposed objections at the time. The court did not reprimand the prosecuting attorney, but did caution him to confine his remarks to the record. Notwithstanding the court's caution, the prosecuting attorney continued insisting upon the same line of argument. There was no further objection made thereto by defendant's counsel nor was an exception saved at the time to the action of the court in failing to administer a reprimand. In this State of the record, this court will decline to review the matter as error assigned. The defendant, by failing to preserve his exceptions thereto at the time, will be regarded as having waived his objections in that behalf and the rule is the same with respect to such matters of exception in both criminal and civil cases. [State v. West, 95 Mo. 139, 8 S. W. 354; State v. Hicks, 92 Mo. 431, 4 S. W. 742; State v. Hilsabeck, 132 Mo. 348, 34 S. W. 38; State v. Lamb, 141 Mo. 298, 42 S. W. 827.]

3. The defendant complains that the court erred in overruling his motion for a new trial on the grounds of newly discovered evidence, etc. The rule with respect to motions for new trial on the ground of newly-discovered evidence is that "it devolves upon the defendant to show; first, that the evidence came to his knowledge since the trial; second, that it was not owing to want of due diligence that it did not come sooner; third, that it is so material that it would probably produce a different result if the new trial were granted; fourth, that it is not merely cumulative; fifth, that the object of the testimony is not merely to impeach the character or credibility of a witness; sixth, the affidavit of the witness himself should be produced or its absence accounted for." [State v. Speritus, 191 Mo. 24, 90 S. W. 459;

State v. McKenzie, 177 Mo. 699, 76 S. W. 1015; State v. Miller, 144 Mo. 262, 45 S. W. 1104.] The defendant submitted the affidavit of one witness to the effect that the defendant did not occupy the building "this side of the depot" in which he is alleged to have sold the liquor at the time the sale was alleged to have been made, in March or April, but, on the contrary, removed his stock, etc., and occupied the same first about May 10th. This evidence is cumulative mercly, inasmuch as both the defendant and one other witness testified to the same effect on the trial, and the court properly overruled the motion with respect to that matter on the grounds that such evidence, if adduced, would be cumulative only, and therefore fell within the influence of sub-division four of the rule stated, supra. [See also State v. Bailey, 94 Mo. 311, 7 S. W. 425; State v. Nettles, 153 Mo. 464, 55 S. W. 70.]

4. The defendant filed the affidavits of two other witnesses, which averred that on the day preceding the trial, the prosecuting witness stated to them in substance that he was drunk when he testified before the grand jury in this case; that he did not know what he had stated before that body; that in fact he had never at any time bought any whiskey from this defendant, etc. This evidence is no more than a statement made by the prosecuting witness when not under oath contradictory to those given under oath on the witness-stand during the trial of the case, and as such, goes only to the credit of the witness. The proposed newly-discovered evidence did not go beyond this as did the contradictory statements in State v. Murray, 91 Mo. 95, 3 S. W. 397, and State v. Speritus, 191 Mo. 24, and therefore the court did not err in ruling that such newly-discovered evidence was insufficient to authorize setting aside the verdict and granting a new trial, as requested, for the reason that the proffered evidence tended only to impeach the credibility of the prosecuting witness, as

contemplated under subdivision six of the rule stated, supra. [See also State v. McKenzie, 177 Mo. 699.]

We have been unable to discover reversible error in the record. The judgment is therefore affirmed. It is so ordered. *Bland, P. J.,* concurs. *Goode, J.,* not sitting.