State v. Reed.

## STATE OF MISSOURI, Respondent, v. REED, Appellant.

### St. Louis Court of Appeals, January 22, 1907.

1. **LARCENY: Prima Facie Case.** In a prosecution for petit larceny the evidence is examined and held sufficient to support a verdict of guilty.

2. **PRACTICE IN CRIMINAL CASES: New Trial: Newly-Discovered Evidence.** A motion for new trial on the ground of newly-discovered evidence, which was not supported by the affidavit of the newly-discovered witness and did not account for the absence of such affidavit, was properly overruled.

3. ———: ———: ———. And where it was not alleged in the motion that the absent witness was newly discovered, the presumption is that the defendant had knowledge of the witness before and could have obtained his testimony by diligence; for that reason the motion for new trial was properly overruled.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

NORTONI, J.—Defendant was indicted for petit larceny under the provisions of section 1910, Revised

Statutes 1899, whereby it was charged that he did unlawfully steal, take and carry away one ewe sheep, the property of J. S. Ramey and A. S. Bullock, the said ewe sheep being under the value of thirty dollars, to-wit, of the value of five dollars, etc. Upon a trial before a jury, the evidence introduced on behalf of the State disclosed that Mr. Ramey missed one of the ewes belonging to himself and his partner, and upon a search being made therefor, discovered it in the possession of the defendant on his premises. The ewe with one other sheep was confined on defendant's farm in a secluded pasture or lot far removed from the roadways and separate and apart from the other sheep owned by him on the same farm, lending the impression at least that the defendant was thereby secreting the same. It was shown that the ewe was formerly marked by one of the true owners of the animal, Mr. Ramey, with his regular stock mark, the letter "B" cut into its right ear; that an attempt had been recently made to obliterate this mark and to that end, the entire right ear of the animal had been cut off, a stub thereof of one-half inch remaining. It was shown that the defendant had thus marked the ear and that he in fact claimed the sheep as his property. It was also shown that he had offered to return the ewe to Mr. Ramey, provided they would not prosecute him in this case.

The defendant was convicted of petit larceny and his punishment assessed at twenty-five dollars fine and thirty days' confinement in the county jail.

There is substantial evidence to support the verdict of the jury as appears from the facts recited above. No briefs are filed for either the defendant or the State in this court. We have carefully examined the record before us, as is our duty to do under the statute, for errors therein and such as may have intervened on the trial. We find—

First. The indictment is in due form and sufficient to support the judgment.

Second. No exceptions were saved during the trial to any ruling of the court on the introduction of testimony and matters of exception thereon are therefore not before us. We find no rulings on the evidence, however, which would be considered as error had exception been saved.

Third. The court fully and fairly instructed the jury on the whole case, covering the question of reasonable doubt and submitted the issues fairly. The defendant requested no instructions and he does not complain in his motion for a new trial of those given by the court. They were full and fair and will be approved.

Fourth. The defendant alleges in his motion for new trial that one Pearson, who was then in Oregon, would swear, if present, at the trial that "he sold to the defendant the identical sheep that the State alleges defendant had stolen." There is no affidavit of the alleged absent witness filed with the motion for new trial as is required by the rule with respect to newly-discovered evidence nor is the absence of such affidavit accounted for by the defendant. [See State v. Speritus, 191 Mo. 24, 90 S. W. 495, and State v. Thurman, 121 Mo. App. 374, 98 S. W. 819.] In fact, the evidence of the absent witness is not alleged to have been newly discovered; therefore, in the absence of a showing to the contrary, the presumption is that the defendant had knowledge of this witness, his whereabouts and the purport of his testimony in due time to have obtained either his attendance at, or his deposition for, the trial, under sections 2567 and 2568, Revised Statutes 1899. No diligence whatever is shown in this respect by the defendant, and whatever rights he had with respect to testimony of that witness were voluntarily waived by him. The motion for new trial was properly overruled.

Finding no reversible error in the record, the judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.