FRED WIEDEMAN, Respondent, v. ST. LOUIS TAXICAB COMPANY, Appellant.

St. Louis Court of Appeals, April 7, 1914.

1. NEGLIGENCE: Injuries Sustained in Collision: Ownership of Vehicle: Sufficiency of Evidence. In an action for injuries sustained in a collision between plaintiff's wagon and a taxicab alleged to belong to defendant, evidence by plaintiff that the taxicab belonged to defendant and that the driver thereof was a chauffeur for defendant *held* sufficient to make a prima-facie case that the taxicab belonged to defendant and that it was being operated by defendant's chauffeur in the prosecution of its business at the time of the collision.

2. ———: ———: Negligence: Contributory Negligence: Sufficiency of Evidence. In an action for injuries sustained in a collision between plaintiff's wagon and a taxicab alleged to belong to defendant, where plaintiff testified that, while making

Wiedeman v. Taxicab Co.

a sharp turn from one street into another, driving near the curb, he turned out about six inches to avoid striking an obstruction, and at that moment his vehicle was struck by the taxicab, which also was turning from the one street into the other, *held* that the question of defendant's negligence and plaintiff's contributory negligence were for the jury.

3. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In considering a demurrer to the evidence, the evidence for plaintiff must be viewed in the light most favorable to him.

4. **INSTRUCTIONS: Refusal: Covered by Other Instruction.** The refusal to give instructions pertaining to the burden of proof and the credibility of the witnesses is not error, where, by other instructions given, the jury are properly charged as to these matters.

5. ————: **Cautionary Instructions: Discretion of Court.** The giving of cautionary instructions relating to the burden of proof and the credibility of witnesses is a matter largely within the discretion of the trial court, and that court cannot be convicted of error in refusing such instructions, unless the refusal amounts to a manifest abuse of its discretion.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Robert E. Collins* for appellant.

(1) The trial court erred in refusing defendant's instruction in the nature of a demurrer to the evidence asked at the close of plaintiff's evidence in chief and defendant's peremptory instruction to find for the defendant asked at the close of all of the evidence. Walker v. Railroad, 193 Mo. 453; Schmidt v. Railroad, 191 Mo. 215; Green v. Railroad, 192 Mo. 131; Mockowk v. Railroad, 196 Mo. 550. (2) The court erred in refusing defendant's instructions numbered 10, 11, 12 and 13. (3) The court erred in refusing to grant defendant a new trial upon the ground that the verdict was, first, contrary to the law as declared by the court, and second, not supported by the evidence.

*Earl M. Pirkey* for respondent.

(1) At the time plaintiff was injured, the operator of the taxicab was required to use "the highest degree of care that a very careful person would use, under like or similar circumstances," in operating the taxicab. R. S. Mo. 1909, Section 8523. (2) It is not error to refuse instructions whose propositions of law are substantially covered by those given. Blitt v. Heinrich, 33 Mo. App. 244; Johnson & Co. v. Ice and Refrigerating Company, 143 Mo. App. 458; Dee v. Nachbar, 207 Mo. 696; Flaherty v. St. Louis Transit Company, 207 Mo. 338; Collins v. Fillingham, 129 Mo. App. 345. (3) Where appellant claims there was no evidence to support the verdict or that as a matter of law plaintiff was guilty of contributory negligence, all the evidence, even if real, must be before the appellate court. Phelps v. Zinc Company, 218 Mo. 581; Scott v. Railroad, 158 Mo. App. 625; Dee v. Nachbar, 207 Mo. 698; Boehm v. General Electric Company, 162 S. W. 726. (4) Proof of defendant's ownership of a vehicle is prima facie evidence to charge him with responsibility for its managament. Fleishman v. Ice and Fuel Company, 148 Mo. App. 133. (5) Proof that defendant's chauffeur is operating the auto in the usual manner, raises the presumption that he is operating it in the master's service. Long v. Nute, 123 Mo. App. 210.

ALLEN, J.—This is an action for injuries alleged to have been sustained by plaintiff by reason of the negligent operation of one of defendant's automobiles, whereby the latter was caused to strike a wagon in which plaintiff was riding. The suit originated before a justice of the peace, where plaintiff had judgment. Upon defendant's appeal to the circuit court and a trial *de novo* there, plaintiff again prevailed, and defendant has appealed to this court.

Plaintiff testified that on the afternoon of January 13, 1911, he was driving an ash wagon, drawn by a mule, along Kingshighway, a public street in the city of St. Louis, and was proceeding in a southerly direction along the west side thereof near the curb; that plaintiff was driving his mule in a walk, at a point about opposite the entrance from Kingshighway into Portland Place, another public street in said city and which extends east and west, intersecting Kingshighway; that as plaintiff approached the said entrance to Portland Place, he perceived a street cleaner's cart, a small hand cart, standing in this entrance near the rounded curb at the northwest corner of said intersecting streets; that the handle of the hand cart projected a small distance beyond the curb line into Kingshighway, and that to avoid striking such handle with his wagon, plaintiff turned out a little, i. e., turned his mule and wagon a little to the east; that as he was passing the cart, his wagon was struck by an automobile or taxicab, which had been proceeding south on Kingshighway, and which the driver thereof was attempting to turn into Portland Place; that the automobile struck the front part of his wagon and also the mule drawing it, hurling plaintiff to the street whereby he was injured.

Plaintiff's testimony is not altogether clear as to all the facts concerning the collision, and his is the only testimony relative thereto. However, he says that he was driving very close to the curb, and that he turned his wagon out only about six inches in order to avoid striking the handle of the street cleaning cart, and that the front wheel of his wagon had passed the latter when the collision occurred. He also says that, though the automobile had previously been proceeding south on Kingshighway, it was making rather a sharp turn into the entrance to Portland Place when it struck the front part of his wagon.

Plaintiff further testified that the taxicab in question belonged to the defendant company, saying that it had the name "St. Louis" thereon; that the driver thereof was a chauffeur for defendant company and had formerly been a carriage driver, and was known to plaintiff, who had formerly been a carriage driver himself, though plaintiff did not know the chauffeur's name; that shortly prior to the accident plaintiff saw the chauffeur and the taxicab farther north on Kingshighway, where the chauffeur had stopped and entered a saloon.

Defendant's evidence tended to show that the taxicab which inflicted the injuries in question upon plaintiff did not belong to defendant and was not operated by any of the latter's chauffeurs, and that defendant was in no way connected with the accident. On behalf of defendant there was testimony going to show that the latter received no report of any accident from any of its drivers on the day in question, that an inspection of all of its taxicabs on the evening of said day revealed no evidence that any of them had been in a collision, and that the defendant had been unable to discover any evidence that one of its vehicles had caused plaintiff's injuries. It appears that an effort was made by plaintiff prior to the trial to identify the chauffeur in question at defendant's place of business, but that he was unable to do so. It seems, however, that all of such drivers were not present at the time.

Appellant insists that its demurrer to the evidence should have been sustained for the reason that the evidence was insufficient to show that defendant either owned or operated the taxicab in question; and that granting that defendant owned and operated such taxicab, the evidence showed no negligence on the part of the operator of such vehicle, but showed that plaintiff's injuries were directly caused by his own negligence.

A careful examination of the record has convinced us that the evidence was sufficient to make a prima facie showing that the automobile in question belonged to defendant, and that it was being operated by defendant's servant at the time, in the prosecution of defendant's business. Plaintiff's testimony goes to show that the taxicab belonged to the defendant, and that the chauffeur thereof was in fact in defendant's employ. This was sufficient to take this question to the jury. And it would seem that the facts in evidence were sufficient to warrant an inference that the driver of such vehicle was acting in the course of his employment and in pursuit of the master's business at the time. [See Fleishman v. Ice & Coal Co., 148 Mo. App. 117, 127 S. W. 660; Long v. Nute, 123 Mo. App. 204, 100 S. W. 511.]

And we think that plaintiff's evidence concerning the alleged negligence of the driver of the taxicab was sufficient to entitle plaintiff to go to the jury. Appellant contends that plaintiff's own evidence shows that his injuries were due to his own negligence in suddenly turning his wagon to the left, immediately in front of the passing automobile. But it is quite clear that we cannot so declare, as a conclusion of law. In considering the demurrer to the evidence, plaintiff's testimony must be viewed in the light most favorable to him. And while there are statements of plaintiff, in testifying, which lend some support to defendant's view, nevertheless plaintiff testified positively that the taxicab in question, which approached plaintiff's wagon from the rear, was making a sharp turn to the west into Portland Place when it struck the wagon. Furthermore, if plaintiff's testimony be true that he turned his wagon out to the left only about six inches in order to pass the hand cart, that he was driving very slowly, and that the front wheel of his wagon had passed the cart before the collision, it would appear that the latter could not well be said to be due to plaintiff's negli-

gence, but that such evidence would raise an inference of negligence on the part of the driver of the automobile, especially in view of the very high degree of care required of the drivers of such vehicles. [Sec. 8523, Rev. Stat. 1909.]

We think it clear that the trial court did not err in overruling defendant's demurrer to the evidence.

Plaintiff offered no instructions except one upon the measure of damages. Defendant complains, however, of the refusal of the court to give three instructions asked by it. These requested instructions pertained to the burden of proof, and to what the jury should take into consideration in determining the credibility of the witnesses and the weight to be given to their testimony. It is unnecessary to review them in detail, however, for the reason that by other instructions the court fully and properly instructed the jury as to these very matters. Appellant's contention is that, owing to the nature of the case, the special instructions which it offered should have been given. But it seems quite clear that there was no reversible error in the court's action in the premises. The instructions given appear to be free from error and to sufficiently cover the matters referred to. Furthermore, the giving of such cautionary instructions is a matter largely within the discretion of the trial court; and in any event the court cannot be convicted of error in refusing such an instruction unless there is a manifest abuse of such discretion. [See Beasley v. Jefferson Bank, 114 Mo. App. 406, 89 S. W. 1040.] We therefore rule this assignment of error against the appellant.

As we have found no reversible error in the record, the judgment should be affirmed. It is so ordered. *Reynolds*, P. J., and *Nortoni, J.,* concur.