FRED RAYMOND, Respondent, v. ELM TREE INN
COMPANY, a Corporation, Appellant.

In the Kansas City Court of Appeals, November 6, 1922.

1. **INSTRUCTIONS: Demurrer: Where Defendant Failed to Offer a Demurrer to the Evidence and Requested an Instruction on Theory that Plaintiff Made Out a Case, Defendant was Estopped from Asserting that There was no Evidence to Support an Instruction for Plaintiff.** Where defendant, appellant, failed to offer a demurrer to the evidence but offered an instruction upon the theory that plaintiff made out a case under the evidence for submission, defendant was estopped to complain of error in the giving of an instruction for plaintiff on the ground that there was no evidence to support it.

2. **————: The Use of Word "Street" in an Instruction, Instead of "Street Crossing" as Used in an Ordinance Prohibiting Speed at Crossings, Held, not Prejudicial in View of Succeeding Paragraph Thereof.** The contention that an instruction contained error in that it declared defendant's driver was negligent if he was going at a rate of speed greater than eight miles an hour when there were persons in the "street" with whom there was danger of collision, while an ordinance upon which it was based prohibited such a speed when there were persons in the "street intersection or crossing" with whom there was danger of collision, *held*, not misleading, nor to be broader than pleadings and evidence, nor as assuming that there were persons on street intersection with whom there was danger of collision, in view of a succeeding paragraph wherein the jury was instructed that before they could find for plaintiff they must "further find" that because of passing "crossing" by automobile truck at such speed, plaintiff was struck.

3. **————: An Instruction Following Language of Ordinance, Held, not Erroneous and if Defendant Desired Explanation of Provisions Thereof as Used Therein Defendant Should Have Requested Same by an Instruction.** An instruction for plaintiff following the language of an ordinance prohibiting operation of motor vehicles at street crossings faster than eight miles an hour when a person is on the crossing with whom there is danger of collision, was not erroneous in failing to submit that before driver was guilty of violation of ordinance the jury should find that he had time to slow down to such speed after a person steps on crossing, it being the duty of defendant, if the evidence conclusively shows that driver did not have such time to demurrer to the evidence, and if

the evidence was conflicting it was a matter of defense which defendant should have covered by an instruction.

4. ——: Court Held not to Have Abused its Discretion in Refusing Instruction Admonishing Jury as to How They Should Weigh the Evidence and Apply the Law. The giving or refusal of an instruction admonishing the jury in connection with the way they should weigh and consider the evidence and apply the law is in the discretion of the trial court, and the court did not abuse its discretion in refusing such an instruction where the jury in addition to being fully instructed on all the issues, were given the usual instruction to the effect that they were the sole judges of the weight of the evidence and the credibility of the witnesses and that in determining the credibility of a witness they might take into consideration the interest of the witness, etc.

Appeal from the Circuit Court of Clay County.—*Hon. Ralph Hughes*, Judge.

Affirmed.

*E. M. Tipton, Clay C. Rogers* and *Virgil Yates* for respondent.

*Craven & Bates* for appellant.

BLAND, J.—This is a suit for damages for personal injuries. Plaintiff recovered a verdict and judgment in the sum of $5000 and defendant has appealed.

The facts show that on February 25, 1921, plaintiff was walking south on the east side of Thompson Avenue in the City of Excelsior Springs, Missouri. Said street runs north and south. When he reached an intersecting street called South Street, which runs east and west, he stepped into the street and took about two steps when an automobile truck, driven westwardly on said South Street by a servant of the defendant, struck him, resulting in the injuries complained of.

Plaintiff in his petition pleaded ordinances of the City of Excelsior Springs which he alleged were violated by defendant, resulting in his injury. These ordinances provided that every person operating a motor vehicle upon a public street within the city—

". . . shall drive the same in a careful and prudent manner and at a rate of speed that shall not endanger the property of another or the life or limb of any person or persons provided that driving in excess of the following rates of speed for a distance of more than two hundred feet shall be presumptive evidence of driving at a rate of speed which is not careful and prudent. (a) Twelve miles per hour upon streets, avenues and boulevards, parkways, alleys or any other public highways within the congested district. (b) Eighteen miles per hour upon all other streets, roads, avenues, boulevards, parkways, alleys, or other public highways, or parts thereof within the limits of Excelsior Springs, Missouri; provides, however, that in passing any street intersection, crossing or cross walk within the limits of Excelsior Springs, Missouri, the rate of speed for driving shall not exceed eight miles per hour, when any person or vehicle is upon said street intersection, crossing or cross walk, with whom or with which there is or may be danger of collision."

The place of the collision was in the congested district.

Plaintiff's instruction No. 1 tells the jury that if they find that plaintiff was starting across South Street at its intersection with Thompson Avenue and that defendant's servant was operating a truck west on South Street and that the ordinances pleaded, which are set forth in the instruction *in haec verba,* were in force—

"And if you further find said defendant, Elm Tree Inn Company, through its agent, servant and employee, who was then and there acting within the scope of his employment, if you find he was, then and there negligently and carelessly failed to drive said automobile truck in a careful and prudent manner and at a rate of speed so as not to endanger the life and limb of any person or persons, or were then and there negligently and carelessly driving said automobile truck and there negligently and carelessly passed said crossing, or cross walk mentioned in evidence at Thompson Avenue, at a

rate of speed greated than eight (8) miles per hour, if you so find, and that there was at said time and place persons upon said street, with whom or which there was or might be danger of collision, and,

"If you further find that because of said failure, if any, to drive said automobile truck in a careful and prudent manner and at a rate of speed so as not to endanger the life and limb of any person or persons, or because of said operation of said automobile truck and the passing of said crossing, or cross walk mentioned in evidence, to-wit: Thompson Avenue, at a rate of speed greater than eight (8) miles per hour, if you find it was so driven, when persons were upon said street intersection, with whom or which there was or might be danger of collision, plaintiff was and because of said facts struck and thereby injured, then your verdict will be for plaintiff, provided you further find that at said time and place plaintiff was exercising ordinary care for his own safety."

Defendant insists that the giving of this instruction was error. First, because "there was no evidence of any person or vehicles on the street intersection or cross walk at the time of the approach of the truck." Had defendant offered an instruction in the nature of a demurrer to the evidence, which it did not, either at the end of plaintiff's case or at the close of all the testimony, but caused the court to give an instruction assuming that there was such evidence, there might be some merit in its contention. The ordinance clearly allows a speed of twelve miles per hour at street intersections or crossings or cross walks in the congested district when there is no person or persons or vehicle there. It would seem that under the ordinance if at the time the truck approached the crossing or intersection no one was on the crossing or intersection, the driver had a right to continue going at the rate of twelve miles per hour and was not required to slow down or decrease the speed of the truck to eight miles an hour until plaintiff appeared upon the intersection or crossing, and necessarily after plain-

tiff appeared there the driver of the truck should be given the necessary distance in which to slow down his truck from twelve to eight miles per hour.

We are in doubt as to whether the record shows that the driver had an opportunity to reduce the speed from twelve to eight miles an hour after plaintiff appeared upon the crossing or intersection. However, as before stated, defendant is in no position to urge that the evidence fails to make out a case of recovery under the ordinances. If, as before stated, an instruction in the nature of a demurrer to the evidence had been offered by defendant, a different situation would be presented. Not only was no demurrer offered but defendant asked an instruction, which was given after the court made an immaterial amendment, which assumed that there was such proof, therefore defendant is estopped to deny that there was no such evidence.

However, defendant contends that it was forced to submit defendant's instruction to meet the theory submitted in plaintiff's instruction and that its instruction was only asked after plaintiff's instruction was given and excepted to by the defendant. This would be true if it had offered a demurrer to the evidence, for then defendant would have challenged the sufficiency of the evidence and having made its point and the same having been ruled against it, it would have been free to have thereafter contested the case as best it could, and would not be estopped to deny that there was any evidence from which to make a case for plaintiff. Having failed to offer the demurrer and having offered an instruction upon the theory that plaintiff made out a case under the ordinance, defendant is now estopped from asserting that there was no evidence on this point. [Torrence v. Pryor, 210 S. W. 430; Everhart v. Bryson, 244 Mo. 507, 516.] The cases cited by the defendant recognize the distinction that we have drawn here.

It is next insisted that the instruction contained error in that it declares that defendant's driver was guilty of negligence if he was going at a rate of speed greater

211 M. A.—32

than eight miles an hour when there were persons in the "street" with whom there was danger of collision, while the ordinance prohibits such a speed when there are persons in the *street intersection or crossing* with whom there is danger of collision; that the instruction on this account was broader than the pleading and the evidence. The plaintiff answers this in the following way—

"The words · 'said street' are used in said instruction after the words 'said time and place,' and the words 'crossing or cross walk mentioned in evidence at Thompson Avenue' have identified the street intersection, crossing or cross walk, and such words, of course, could be understood only one way by the jury, and that was that it was necessary for them to find that persons were on the street intersection."

But, regardless of the contention of the parties, it is apparent from a reading of the instruction that in the paragraph following the one wherein the words pointed out to us are used, the jury was instructed that before they could find for plaintiff they must "further find" that "because of said operation of said automobile truck and the passing of said crossing or cross walk, . . . at a rate of speed greater than eight (8) miles an hour . . . when persons were upon said street intersection, with whom or which there was or might be danger of collision, plaintiff was and because of said facts struck, etc." We think there is no question that the jury could not have misunderstood this instruction, and while it might have been differently worded it cannot now be declared materially erroneous. We do not think that it assumes that there were persons in the street intersection, crossing or cross walk with whom there was danger of collision. The jury was expressly instructed to find this before it could return a verdict for plaintiff. We note defendant's complaint that the instruction does not take into consideration that "defendant's driver did not violate the City ordinance by going faster than eight miles an hour until he had time to slow down from twelve to eight miles an hour after the plaintiff stepped

into the street intersection.'' The instruction follows the ordinance and we think it sufficient. If the evidence conclusively shows that the driver did not have such time, defendant should have offered a demurrer to the evidence. If there was evidence conflicting, it was a matter of defense and defendant should have offered an instruction on it.

There was no error in the refusal of defendant's instruction B. This instruction sought to admonish the jury in connection with the way they should weigh and consider the evidence and apply the law. It has been held that the refusal of such an instruction is not error, but the giving or refusal of the same is in the discretion of the trial court. [Turner v. Railroad, 138 Mo. App. 143, 152; Wiedeman v. Taxicab Co., 182 Mo. App. 523.] The court at the instance of the defendant gave the usual instruction to the effect that the jury were the sole judges of the weight of the evidence and the credibility of the witnesses and that in determining the credibility of a witness it might take into consideration the interest of the witness, etc. The jury were fully instructed on all the issues and we do not think the court abused its discretion in failing to give defendant's instruction B.

The judgment is affirmed. All concur.